## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**INTERGALACTIC THERAPEUTICS, INC.**<br>**f/k/a IGTX, LLC**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 23-41067-EDK** |

### NOTICE OF FILING OF: PROPOSED ORDERS ON MOTION BY DEBTOR AND DEBTOR-IN-POSSESSION TO SELL SUBSTANTIALLY ALL ASSETS BY PRIVATE SALE, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

Intergalactic Therapeutics, Inc. (the "Debtor"), the debtor and debtor-in-possession in this matter respectfully submits Proposed Orders on the *Motion by Debtor and Debtor-in-Possession to Sell Substantially All Assets by Private Sale, Free and Clear of Liens, Claims, Interests, and Encumbrances* (the "Sale Motion") [ECF No. 24]. Attached as Exhibit A is the Debtor's Proposed Order to the Sale Motion in the event that IGTX Acquisition, Inc. is the highest bidder. Attached as Exhibit B is the Debtor's Proposed Order to the Sale Motion in the event that Aldevron, LLC is the highest bidder.

<div style="margin-left: 50%;">

Respectfully submitted
INTERGALACTIC
THERAPEUTICS, INC.
By its counsel,

*/s/ Leah A. O'Farrell*
Andrew G. Lizotte (BBO #559609)
Leah A. O'Farrell (BBO #708424)
Murphy & King, P.C.
28 State Street, Suite 3101
Boston, MA 02109
(617) 423-0400
lofarrell@murphyking.com

</div>

Dated: March 7, 2024

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | ) |
| | ) |
| **INTERGALACTIC THERAPEUTICS, INC.,** | ) |
| **f/k/a IGTX, LLC** | )    **Chapter 11** |
| | )    **Case No. 23-41067-EDK** |
| Debtor. | ) |
| | ) |

**ORDER (1) APPROVING AND AUTHORIZING SALE BY DEBTOR OF
SUBSTANTIALLY ALL ASSETS BY PRIVATE SALE, FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES; (2) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF THE DESIGNATED CONTRACT; AND (3) WAIVING THE
14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d)**

Upon the Motion of Intergalactic Therapeutics, Inc. (the "Debtor"), to Sell Substantially

All Assets by Private Sale, Free and Clear of Liens, Claims, Interests, and Encumbrances (the

"Motion") [ECF No. 24] as contemplated under that certain asset purchase agreement dated

January 4, 2024, by and between the Debtor and IGTX Acquisition, Inc.; and no objections

having been filed to the Motion; and this Court having determined that the relief requested in the

Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest;

and a counteroffer having been submitted by Aldevron, LLC ("Aldevron"); and an auction and a

hearing having been held on March 8, 2024 at 10:00 a.m. (the "Sale Hearing"); the Court having

considered the testimony, documentary evidence, offers of proof, stipulations of the parties, and

the arguments of counsel; and after due deliberation, adequate notice having been given, and

good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court, pursuant to 28 U.S.C. §§ 157 and 1334, has jurisdiction over all assets

of the Debtor and its Chapter 11 estate.  The Motion is a core proceeding as defined in 28 U.S.C.

1

§ 157(b)(2)(A), (N), and (O).  Venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.     On December 19, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts.  Since the Petition Date, the Debtor has continued in possession and management of its business and properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

D.     This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

E.     Actual written notice of the Motion, Auction, and the Sale Hearing, and a reasonable opportunity to object or to be heard with respect thereto, has been afforded to all known interested entities, including, but not limited to the following parties: (i) the United States Trustee; (ii) the counterparties to executory contracts and unexpired leases; and (iii) all parties who have filed appearances or requested notices through the Court's CM/ECF system (the "Notice Parties").   Further, actual written Notice of Sale has been afforded to all creditors in the case.

F.     As evidenced by the certificates of service previously filed with the Court, and based on the representations of counsel at the Hearing: (i) proper, timely, adequate, and

sufficient notice of the Motion and the Hearing has been provided in accordance with §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good and sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Hearing or the entry of this Order shall be required.

G. IGTX Acquisition, Inc. (the "Purchaser") submitted the highest and best bid at the Sale Hearing, in the amount of [ ][1]. Aldevron submitted the second highest and best bid at the Sale Hearing, in the amount of [ ][2]. In accordance with the asset purchase agreement submitted by Aldevron, as amended at the Sale Hearing, Aldevron is designated the Back-Up Bidder.

H. The Asset Purchase Agreement, a copy of which is attached to the Motion (together with the exhibits and schedules thereto, the "Sale Agreement"), as amended at the Sale Hearing, was offered in good faith, from arm's length bargaining positions without collusion or fraud, by the parties.

I. The Debtor and its advisers diligently and in good faith marketed the Purchased Assets[3] to secure the highest and best offer therefor. The total consideration provided for in the Sale Agreement entered into with the Purchaser and the transactions contemplated thereby, represents a fair and reasonable purchase price, and constitutes (a) the highest and best offer obtainable for the Purchased Assets and (b) reasonably equivalent value under the Bankruptcy Code and Uniform Voidable Transfer Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and other similar law.

---

[1] This amount consists of: (a) cash in the amount of $_____; (b) satisfaction of the outstanding balance of the DIP Loan at the time of Closing; and (c) satisfaction of the Cure Payment for the Designated Contract which has been ascribed a value of $40,000 for purposes of computing the bid amount.
[2] This amount consists of: (a) cash in the amount of $_____; and (b) satisfaction of the outstanding balance of the DIP Loan at the time of Closing.
[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Asset Purchase Agreement.

3

J.      The Debtor conducted the sale process in accordance with, and has otherwise complied in all respects with, the Bid Procedures Order. The sale procedures set forth in the Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets.  In particular, the sale procedures provided potentially interested parties with a full and fair opportunity to bid on the Purchased Assets.

K.      The Debtor has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code prior to, and outside of, a plan of reorganization. The Sale Agreement and the closing thereon will provide a greater recovery for the Debtor's creditors than would be provided by any other presently available alternative.

L.      A valid business purpose exists for approval of the Sale Agreement and the transaction contemplated by the Motion pursuant to sections 105 and 363(b), and (f) of the Bankruptcy Code.  The Debtor may sell, transfer and assign the Purchased Assets free and clear of Encumbrances (as defined below) in accordance with sections 105 and 363 of the Bankruptcy Code. As a condition to purchasing the Purchased Assets, the Purchaser requires that: (a) the Purchased Assets be sold free and clear of Encumbrances; and (b) the Purchaser shall have no liability for any obligations of, or claims against the Debtor, other than as expressly provided in the Sale Agreement.

M.      With respect to any and all persons or entities asserting any and all liens, security interest, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or

4

unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured,

material or non-material, disputed or undisputed, or known or unknown, whether arising prior to,

on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law,

equity or otherwise (each, an "Encumbrance"), on the Purchased Assets, (i) applicable non-

bankruptcy law permits sale of such property free and clear of such Encumbrance; (ii) such

person or entity has consented to the sale, free and clear of its Encumbrance, with such

Encumbrance to attach to the proceeds of such sale; (iii) such Encumbrance is a lien and the

price at which such property is to be sold is greater than the aggregate value of all liens on such

property; (v) such Encumbrance is in bona fide dispute; and/or (v) such person or entity could be

compelled, in a legal or equitable proceeding, to accept a money satisfaction for such

Encumbrance; so that the conditions of section 363(f) of the Bankruptcy Code have been

satisfied.  Those holders of Encumbrances who did not object or who withdrew their objections

to the Motion are deemed to have consented to the Motion pursuant to section 363(f)(2) of the

Bankruptcy Code.  Those holders of Encumbrances who did object fall within one or more of the

subsections of section 363(f) of the Bankruptcy Code.

      N.     The Purchaser would not have entered into the Sale Agreement and would not

consummate the transactions contemplated thereby if the Sale of the Purchased Assets to the

Purchaser were not free and clear of the Encumbrances or if the Purchaser would, or in the future

could, be subject to or liable for any of such Encumbrances.

      O.     In accordance with the provisions of the Bid Procedures Order, the Debtor has

served the Cure Notice upon each counterparty to all of the Debtor's Executory Contracts.  The

service of the Cure Notice was good, sufficient, and appropriate under the circumstances, and no

further notice need be given in respect of establishing the Cure Amount for the Designated

Contract.  The finalized list of Designated Contracts is <u>Schedule 5.12(a)(ii)</u> to the Sale

Agreement.  The counterparty to the Designated Contract has had an opportunity to object to the

Cure Amount set forth in the Cure Notice and to the assumption and assignment of the

Designated Contract.

P.    The amounts set forth on <u>Schedule 5.12(a)(ii)</u> of the Sale Agreement are the sole

amounts necessary under §§ 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to

cure all monetary defaults and pay all actual pecuniary losses under the Designated Contract (the

"<u>Cure Payment</u>").

Q.    The Purchaser has demonstrated adequate assurance of future performance with

respect to the Designated Contract pursuant to §§ 365(b)(1)(C) and 365(f)(2)(B) of the

Bankruptcy Code.

R.    The assumption and assignment of the Designated Contract with the counterparty

pursuant to the terms of this Sale Order is integral to the Sale Agreement and is in the best

interests of the Debtor and its estate, creditors, and other parties in interest, and represents the

reasonable exercise of sound and prudent business judgment by the Debtor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is hereby granted.  The Sale Agreement, an executed copy of which

was filed with the Court, is approved in all respects.

2.    The Court approves the sale, transfer, and assignment of the Purchased Assets to

the Purchaser upon the terms and conditions set forth in the Sale Agreement pursuant to section

363 of the Bankruptcy Code, free and clear of Encumbrances.  Any and all Encumbrances shall

attach to the Purchase Price at closing with the same validity, priority, and extent as existed prior

to the closing.  This Order does not determine the extent or validity of any claims against the Debtor.

3.       The sale of the Purchased Assets is "as is, where is," without representation or warranty except as expressly provided in the Sale Agreement.

4.       The Court authorizes the assumption by the Debtor and assignment to the Purchaser of the Designated Contract pursuant to 11 U.S.C. § 365, subject to the counterparty's receipt of the Cure Payment.  The Cure Payment shall be final and binding on the Debtor, the Purchaser and the counterparty, and shall not be subject to further dispute based on performance prior to the time of assumption and assignment.

5.       The Debtor is hereby authorized, empowered, and directed, and upon entry of this Order, has all the power and authority necessary to:

a.    Fully perform under, consummate, implement, execute, and deliver the Sale Agreement and all other documents contemplated thereby, to consummate the transactions contemplated by the Sale Agreement, and to take all other actions required to be taken pursuant to the Sale Agreement;

b.    Transfer the Purchased Assets to Purchaser and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to Purchaser;

c.    Assume and assign the Designated Contract upon the terms and conditions set forth in the Sale Agreement, provided that, Purchaser shall be responsible for the Cure Payment;

d.    Receive the consideration described in the Sale Agreement from Purchaser; and

e.  Fully perform and take all action necessary to effectuate the Sale Agreement, the transactions contemplated thereby, and the obligations contemplated by this Sale Order.

6.  No other or further consents or approvals of this Court are required for the Debtor to consummate or effectuate (i) the Sale Agreement, (ii) the transfer of the Purchased Assets, (iii) the assumption and assignment of the Designated Contract; and (iv) the receipt of consideration from Purchaser.

7.  All parties and/or entities asserting Encumbrances and contract rights against the Debtor and/or any of the Purchased Assets are hereby permanently enjoined and precluded from, with respect to such Encumbrances: (i) asserting, commencing or continuing in any manner any action against Purchaser or against Purchaser's assets or properties, including without limitation against the Purchased Assets; (ii) the enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award, decree or order against the Purchaser or any properties or assets of the Purchaser; (iii) creating, perfecting or enforcing any Encumbrance of any kind against the Purchaser or any properties or assets of the Purchaser, including without limitation the Purchased Assets; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order or the Sale Agreement.

8.  Notwithstanding anything to the contrary set forth in this Order, neither the free and clear nature of the Sale nor anything contained in this Order, the Sale Agreement, or any related document shall affect Aldevron, LLC's ability to assert any (a) rights to contest or challenge Patent Application No. PCT/US2022/077108 (the "Patent Application") to the extent

8

such rights would otherwise properly be assertible against the Patent Application or an assignee

of the Patent Application under applicable non-bankruptcy law or (b) any claims arising from

activities occurring after the closing of the sale in accordance with the Sale Agreement.

9.      The consummation of the Sale Agreement shall not, except to the extent

specifically provided therein, subject Purchaser to any liability whatsoever with respect to the

Debtor's prepetition or postpetition operations in any form or manner including, without

limitation, by reason of any theory of successor or transferee liability, de facto merger, or

substantial continuity, whether known or unknown and whether asserted or unasserted as of the

closing.

10.      If any person or entity that has filed a financing statement or other documents or

agreements evidencing or asserting an Encumbrance on the Purchased Assets shall not have

delivered, in proper form for filing, termination statements, instruments of satisfaction, releases,

and other documents to the Debtor prior to the closing, then the Debtor shall be and hereby is

authorized upon closing of the Sale Agreement to execute such termination statements,

instruments of satisfaction, releases, and other documents on behalf of the person or entity and to

file the same with any appropriate registry or public filing office. Notwithstanding the foregoing,

the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and

clear of Encumbrances shall be self-executing, and notwithstanding the failure of Purchaser, the

Debtor, or any other party to execute, file, or obtain releases, termination statements, assignment

consents, or other instruments to effectuate, consummate, and/or implement the provisions

hereof or the Sale Agreement with respect to the sale of the Purchased Assets, all Encumbrances

on the Purchased Assets shall be and hereby are deemed to be divested, terminated, and

discharged.

9

11.     The Debtor is hereby authorized, empowered, and directed, and, upon entry of the Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement the Sale Agreement and any transaction contemplated thereby.

12.     The Designated Contract shall, upon assumption and assignment to the Purchaser, be deemed to be valid and binding and in full force and effect and enforceable by Purchaser in accordance with its terms.  Pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved, from the date of its assignment, from any further liability with respect to the Designated Contract.

13.     All of the transactions and actions contemplated by this Sale Order are properly authorized under sections 363 and 365 of the Bankruptcy Code.

14.     The consideration provided by Purchaser for the Assets under the Sale Agreement is fair and reasonable, and is the result of marketing efforts to multiple potentially interested parties that culminated in a bid negotiated in good faith at arm's-length, and may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code or applicable law.

15.     The Purchaser is deemed to be a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby; in that (i) the Purchaser, the Debtor and their respective counsel engaged in good faith, arm's length negotiations to determine the terms and conditions of the Sale Agreement, and (ii) the Debtor and the Purchaser have entered into the Sale Agreement in good faith and without collusion or fraud.

16.     This Court retains jurisdiction to enforce and implement the terms and provisions of the Sale Agreement; to resolve any disputes arising under or related to the Sale Agreement;

10

and to interpret, implement, and enforce the provisions of this Order. Further, this Court retains

jurisdiction over the parties to the Sale Agreement with respect to any matters related to or

arising under the Sale Agreement or under this Order.

17.     The terms and provisions of the Sale Agreement and this Order shall be binding in

all respects upon, and shall inure to the benefit of, the Debtor and its affiliates, and the successors

and assigns of each of the foregoing, and any affected third parties, notwithstanding conversion

or dismissal of the Debtor's bankruptcy case or any subsequent appointment of any trustee under

any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall

be binding.

18.     The Debtor is authorized to sell the Purchased Assets to the Back-Up Bidder, in

accordance with the terms of the Sale Agreement, without further Order of this Court should the

highest bidder fail to close the sale.

19.     The failure specifically to include or refer to any particular provision of the Sale

Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being

the intent of this Court that the Sale Agreement be authorized and approved in its entirety.

20.     The Sale Agreement and any related agreements, documents, or other instruments

may be modified, amended, or supplemented by the parties thereto, in a writing signed by the

Debtor and Purchaser, and in accordance with the terms of the Sale Agreement, without further

order of the Court, provided that any such modification, amendment, or supplement does not

have a material adverse effect on the estate of the Debtor.

21.     A certified copy of this Order may be filed with the appropriate clerk and/or

recorded to act to cancel any of the Encumbrances.

22.    Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan of reorganization (or liquidation) shall conflict with or derogate from the provisions of the Sale Agreement or the terms of this Order.

23.    The provisions of this Order are nonseverable and mutually dependent.

24.    The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for fourteen days are hereby waived and this Order shall be effective, and the parties may consummate the transactions contemplated by the Sale Agreement, immediately upon entry.

Dated:  _____        _____
                                Honorable Elizabeth D. Katz
                                Chief United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: | ) |
| | ) |
| **INTERGALACTIC THERAPEUTICS, INC.,** | ) |
| **f/k/a IGTX, LLC** | )    **Chapter 11** |
| | )    **Case No. 23-41067-EDK** |
| Debtor. | ) |
| | ) |

**ORDER (1) APPROVING AND AUTHORIZING SALE BY DEBTOR OF
SUBSTANTIALLY ALL ASSETS BY PRIVATE SALE, FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (2) WAIVING THE 14-DAY
STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h)**

Upon the Motion of Intergalactic Therapeutics, Inc. (the "Debtor"), to Sell Substantially

All Assets by Private Sale, Free and Clear of Liens, Claims, Interests, and Encumbrances (the

"Motion") [ECF No. 24] as contemplated under that certain asset purchase agreement, as

amended at the sale hearing, as defined below (together with the exhibits and schedules thereto,

the "APA") dated January 4, 2024, by and between the Debtor and IGTX Acquisition, Inc.; and

no objections having been filed to the Motion; and this Court having determined that the relief

requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other

parties-in-interest; and a counteroffer having been submitted by Aldevron, LLC and an auction

and a hearing having been held on March 8, 2024 at 10:00 a.m. (the "Sale Hearing"); the Court

having considered the testimony, documentary evidence, offers of proof, stipulations of the

parties, and the arguments of counsel; and after due deliberation, adequate notice having been

given, and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

1

A.      This Court, pursuant to 28 U.S.C. §§ 157 and 1334, has jurisdiction over all assets of the Debtor and its Chapter 11 estate.  The Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.      On December 19, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts.  Since the Petition Date, the Debtor has continued in possession and management of its business and properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

D.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

E.      Actual written notice of the Motion, Auction, and the Sale Hearing, and a reasonable opportunity to object or to be heard with respect thereto, has been afforded to all known interested entities, including, but not limited to the following parties: (i) the United States Trustee; (ii) the counterparties to executory contracts and unexpired leases; and (iii) all parties who have filed appearances or requested notices through the Court's CM/ECF system (the "Notice Parties").   Further, actual written Notice of Sale has been afforded to all creditors in the case.

2

F.      As evidenced by the certificates of service previously filed with the Court, and based on the representations of counsel at the Hearing: (i) proper, timely, adequate, and sufficient notice of the Motion and the Hearing has been provided in accordance with §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007 and 9014; (ii) such notice was good and sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Hearing or the entry of this Order shall be required.

G.      Aldevron, LLC (the "Purchaser") submitted the highest and best bid at the Sale Hearing, in the amount of: [ ][1].  IGTX Acquisition, Inc. (the "IGTX") submitted the second highest and best bid at the Sale Hearing, in the amount of [][2].  In accordance with the APA, IGTX is designated the Back-Up Bidder.

H.      The asset purchase agreement submitted by the Purchaser a copy of which is attached to the Purchaser's Counteroffer [ECF No. 91] (together with the exhibits and schedules thereto, the "Sale Agreement"), as modified at the Sale Hearing, was offered in good faith, from arm's length bargaining positions without collusion or fraud, by the parties.

I.      The Debtor and its advisers diligently and in good faith marketed the Purchased Assets[3] to secure the highest and best offer therefor.  The total consideration provided for in the Sale Agreement, and the transactions contemplated thereby, represents a fair and reasonable purchase price, and constitutes (a) the highest and best offer obtainable for the Purchased Assets and (b) reasonably equivalent value under the Bankruptcy Code and Uniform Voidable Transfer

[1]      This amount consists of: (a) cash in the amount of $_____; and (b) satisfaction of the outstanding balance of the DIP Loan at the time of Closing.
[2]      This amount consists of: (a) cash in the amount of $_____; (b) satisfaction of the outstanding balance of the DIP Loan at the time of Closing; and (c) satisfaction of the Cure Payment for the Designated Contract, which has been ascribed a value of $40,000 for purposes of bidding at the Auction.
[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Agreement.

3

Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and other similar law.

J.       The Debtor conducted the sale process in accordance with, and has otherwise complied in all respects with, the Bid Procedures Order. The sale procedures set forth in the Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Purchased Assets.  In particular, the sale procedures provided potentially interested parties with a full and fair opportunity to bid on the Purchased Assets.

K.       The Debtor has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code prior to, and outside of, a plan of reorganization. The Sale Agreement and the closing thereon will provide a greater recovery for the Debtor's creditors than would be provided by any other presently available alternative.

L.       A valid business purpose exists for approval of the Sale Agreement and the transaction contemplated by the Motion pursuant to sections 105 and 363(b), and (f) of the Bankruptcy Code.  The Debtor may sell, transfer and assign the Purchased Assets free and clear of Encumbrances (as defined below) in accordance with sections 105 and 363 of the Bankruptcy Code. As a condition to purchasing the Purchased Assets, the Purchaser requires that: (a) the Purchased Assets be sold free and clear of Encumbrances; and (b) the Purchaser shall have no liability for any obligations of, or claims against the Debtor, other than as expressly provided in the Sale Agreement.

M.       With respect to any and all persons or entities asserting any and all liens, security interest, encumbrances and claims (including, but not limited to, any "claim" as defined in

4

section 101(5) of the Bankruptcy Code), causes of action and claims, to the fullest extent of the

law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or

unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured,

material or non-material, disputed or undisputed, or known or unknown, whether arising prior to,

on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law,

equity or otherwise (each, an "Encumbrance"), on the Purchased Assets, (i) applicable non-

bankruptcy law permits sale of such property free and clear of such Encumbrance; (ii) such

person or entity has consented to the sale, free and clear of its Encumbrance, with such

Encumbrance to attach to the proceeds of such sale; (iii) such Encumbrance is a lien and the

price at which such property is to be sold is greater than the aggregate value of all liens on such

property; (v) such Encumbrance is in bona fide dispute; and/or (v) such person or entity could be

compelled, in a legal or equitable proceeding, to accept a money satisfaction for such

Encumbrance; so that the conditions of section 363(f) of the Bankruptcy Code have been

satisfied.  Those holders of Encumbrances who did not object or who withdrew their objections

to the Motion are deemed to have consented to the Motion pursuant to section 363(f)(2) of the

Bankruptcy Code.  Those holders of Encumbrances who did object fall within one or more of the

subsections of section 363(f) of the Bankruptcy Code.

      N.     The Purchaser would not have entered into the Sale Agreement and would not

consummate the transactions contemplated thereby if the Sale of the Purchased Assets to the

Purchaser were not free and clear of the Encumbrances or if the Purchaser would, or in the future

could, be subject to or liable for any of such Encumbrances.

      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is hereby granted.  The Sale Agreement is approved in all respects.

2.      The Court approves the sale, transfer, and assignment of the Purchased Assets to the Purchaser upon the terms and conditions set forth in the Sale Agreement pursuant to section 363 of the Bankruptcy Code, free and clear of Encumbrances.  Any and all Encumbrances shall attach to the Purchase Price at closing with the same validity, priority, and extent as existed prior to the closing.  This Order does not determine the extent or validity of any claims against the Debtor.

3.      The sale of the Purchased Assets is "as is, where is," without representation or warranty except as expressly provided in the Sale Agreement.

4.      The Debtor is hereby authorized, empowered, and directed, and upon entry of this Order, has all the power and authority necessary to:

   a. Fully perform under, consummate, implement, execute, and deliver the Sale Agreement and all other documents contemplated thereby, to consummate the transactions contemplated by the Sale Agreement, and to take all other actions required to be taken pursuant to the Sale Agreement;

   b. Transfer the Purchased Assets to Purchaser and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to Purchaser;

   c. Receive the consideration described in the Sale Agreement from Purchaser; and

   d. Fully perform and take all action necessary to effectuate the Sale Agreement, the transactions contemplated thereby, and the obligations contemplated by this Sale Order.

5.      No other or further consents or approvals of this Court are required for the Debtor to consummate or effectuate (i) the Sale Agreement, (ii) the transfer of the Purchased Assets, and (iii) the receipt of consideration from Purchaser.

6.      All parties and/or entities asserting Encumbrances and contract rights against the Debtor and/or any of the Purchased Assets are hereby permanently enjoined and precluded from, with respect to such Encumbrances: (i) asserting, commencing or continuing in any manner any action against Purchaser or against Purchaser's assets or properties, including without limitation against the Purchased Assets; (ii) the enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award, decree or order against the Purchaser or any properties or assets of the Purchaser; (iii) creating, perfecting or enforcing any Encumbrance of any kind against the Purchaser or any properties or assets of the Purchaser, including without limitation the Purchased Assets; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order or the Sale Agreement.

7.      The consummation of the Sale Agreement shall not, except to the extent specifically provided therein, subject Purchaser to any liability whatsoever with respect to the Debtor's prepetition or postpetition operations in any form or manner including, without limitation, by reason of any theory of successor or transferee liability, de facto merger, or substantial continuity, whether known or unknown and whether asserted or unasserted as of the closing.

8.      If any person or entity that has filed a financing statement or other documents or agreements evidencing or asserting an Encumbrance on the Purchased Assets shall not have

7

delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to the Debtor prior to the closing, then the Debtor or the Purchaser, as applicable, shall be and hereby is authorized upon closing of the Sale Agreement to execute such termination statements, instruments of satisfaction, releases, and other documents on behalf of the person or entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances shall be self-executing, and notwithstanding the failure of Purchaser, the Debtor, or any other party to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Sale Agreement with respect to the sale of the Purchased Assets, all Encumbrances on the Purchased Assets shall be and hereby are deemed to be divested, terminated, and discharged.

9.      The Debtor is hereby authorized, empowered, and directed, and, upon entry of the Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement the Sale Agreement and any transaction contemplated thereby.

10.     All of the transactions and actions contemplated by this Sale Order are properly authorized under section 363 of the Bankruptcy Code.

11.     The consideration provided by Purchaser for the Purchased Assets under the Sale Agreement is fair and reasonable, and is the result of marketing efforts to multiple potentially interested parties that culminated in a bid negotiated in good faith at arm's-length, and may not be avoided, or costs or damages imposed or awarded, under section 363(n) or any other provision of the Bankruptcy Code or applicable law.

12.    The Purchaser is deemed to be a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby; in that (i) the Purchaser, the Debtor and their respective counsel engaged in good faith, arm's length negotiations to determine the terms and conditions of the Sale Agreement, and (ii) the Debtor and the Purchaser have entered into the Sale Agreement in good faith and without collusion or fraud.

13.    This Court retains jurisdiction to enforce and implement the terms and provisions of the Sale Agreement; to resolve any disputes arising under or related to the Sale Agreement; and to interpret, implement, and enforce the provisions of this Order. Further, this Court retains jurisdiction over the parties to the Sale Agreement with respect to any matters related to or arising under the Sale Agreement or under this Order.

14.    The terms and provisions of the Sale Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and its affiliates, and the successors and assigns of each of the foregoing, and any affected third parties, notwithstanding conversion or dismissal of the Debtor's bankruptcy case or any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding.

15.    The Debtor is authorized to sell the Purchased Assets to IGTX in accordance with the terms of the APA, as the Back-up Bidder, without further Order of this Court should the highest bidder fail to close the sale.

16.    The failure specifically to include or refer to any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Sale Agreement be authorized and approved in its entirety.

17.     The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by the Debtor and Purchaser, and in accordance with the terms of the Sale Agreement, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the estate of the Debtor.

18.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded to act to cancel any of the Encumbrances.

19.     Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan of reorganization (or liquidation) shall conflict with or derogate from the provisions of the Sale Agreement or the terms of this Order.

20.     The provisions of this Order are nonseverable and mutually dependent.

21.     The provision of Bankruptcy Rules 6004(h) staying the effectiveness of this Order for fourteen days are hereby waived and this Order shall be effective, and the parties may consummate the transactions contemplated by the Sale Agreement, immediately upon entry.

Dated: _____          _____
                                 Honorable Elizabeth D. Katz
                                 Chief United States Bankruptcy Judge

10