**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**INTERGALACTIC THERAPEUTICS, INC.**
**f/k/a IGTX, LLC**

                        Debtor.

**Chapter 11**

**Case No. 23-41067-EDK**

**MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT FOR PLAN OF
LIQUIDATION, (II) ESTABLISHING VOTING RECORD DATE, (III) APPROVING
SOLICITATION PROCEDURES, FORM OF BALLOTS, AND MANNER OF NOTICE,
(IV) FIXING DEADLINE FOR OBJECTING TO PLAN CONFIRMATION, (V)
SCHEDULING HEARING ON PLAN CONFIRMATION, AND (VI) ESTABLISHING
<u>AN ADMINISTRATIVE EXPENSE CLAIM BAR DATE</u>**

Intergalactic Therapeutics, Inc. (the "<u>Debtor</u>") requests that the Court enter an order

substantially in the form attached as <u>Exhibit A</u> (the "<u>Disclosure Statement Order</u>") approving the

proposed *Disclosure Statement with Respect to the Plan of Liquidation of Intergalactic

Therapeutics, Inc., f/k/a IGTX, LLC* (the "<u>Disclosure Statement</u>") filed contemporaneously with

this motion.  The Debtor also seeks the establishment of voting procedures and deadlines

(including the establishment of a voting record date), the establishment of a deadline for the

filing of objections to confirmation of the *Plan of Liquidation of Intergalactic Therapeutics, Inc.*

(the "<u>Plan</u>"), the approval of solicitation procedures, form of ballot, and notice procedures,

setting the date for the hearing to consider confirmation of the Plan (the "<u>Confirmation

Hearing</u>"), and establishing a bar date for the filing of administrative expense claims.

In further support of this Motion, the Debtor states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested are Sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(b), 3016, 3017, 3018, 3020, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 2002-1, 2016-1, and 3017-1.

## BACKGROUND

3.      On December 19, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

4.      The Debtor continues to operate as a debtor in possession as authorized by Sections 1107(a) and 1108 of the Bankruptcy Code.

## THE DISCLOSURE STATEMENT AND HEARING TO CONSIDER ITS ADEQUACY

5.      Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and interests with "adequate information" regarding a debtor's proposed plan of reorganization.  Section 1125(a)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . ."

11 U.S.C. § 1125(a)(1); *see In re Mahoney Hawkes, LLP*, 289 B.R. 285, 294 (Bankr. D. Mass. 2002).

6.     A disclosure statement must, as a whole, provide information that is reasonably calculated to permit an "informed judgment" by impaired creditors entitled to vote on the plan of reorganization. *See In re Robert's Plumbing & Heating, LLC,* 2011 Bankr. LEXIS 2879 (Bankr. D. Md. 2011); *In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re Copy Crafters Quickpoint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

7.     The Court has broad discretion to determine the adequacy of the information contained in a disclosure statement. *See In re Art & Architecture Books of the 21st Century*, 2016 Bankr. LEXIS 859 (Bankr. C.D. Cal. 2016); *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *see also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

8.     Courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

    a.     the circumstances that gave rise to the filing of the bankruptcy petition;

    b.     a complete description of the available assets and their value;

    c.     the anticipated future of the debtor;

    d.     the source of the information provided in the disclosure statement;

    e.     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

3

f.      the condition and performance of the debtor while in Chapter 11;

g.      information regarding claims against the estate;

h.      a liquidation analysis setting forth the estimated return creditors would receive under Chapter 7;

i.      information regarding the future management of the debtor;

j.      a summary of the plan of reorganization;

k.      an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

l.      any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

m.      information relevant to the risks being taken by the creditors and interest holders;

n.      the actual or projected value that can be obtained from avoidable transfers;

o.      the existence, likelihood and possible success of non-bankruptcy litigation;

p.      the tax consequences of the plan; and

q.      the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *In re Ferguson*, 474 B.R. 466 (Bankr. D.S.C. 2012)(*citing Scioto Valley*).

9.      The Disclosure Statement contains information to satisfy the categories set forth above.  Accordingly, the Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code and should be approved.

10.      The Debtor requests that the Court schedule a hearing to consider the approval of the Disclosure Statement.

## SOLICITATION PROCEDURES

**A.      Record Holder Date for the Holders of Claims or Equity Interests.**

11.      Bankruptcy Rule 3017(d) provides that, for the purposes of voting solicitation, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, after notice and a hearing."  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date.  The record date is typically the date that the disclosure statement is approved.  The Debtor requests that the Court establish 5:00 p.m. Eastern Prevailing Time on the date when the Disclosure Statement is approved as the "Record Date" solely for purposes of identifying the holders of Claims or Equity Interests who are eligible to vote on the Plan.

**B.      Who is Entitled to Vote to Accept or Reject the Plan.**

12.      Claims or Equity Interests in Classes 2, 4 and 5 are impaired under the Plan. Holders of Claims or Equity Interests in Classes 2, 4 and 5 are entitled to vote to accept or reject the Plan (each, a "Voting Classes").  Where the holder of a Claim or Equity Interest in the Voting Classes is an assignee or transferee of such Claim or Equity Interest, rather than the original holder, the assignee or transferee will only be permitted to vote such Claim or Equity Interest if evidence of the transfer has been filed in accordance with Bankruptcy Rule 3001 prior to the Record Date.

13.      The Debtor proposes that holders of the following Claims or Equity Interests (each, a "Non-Voting Party") not be permitted to vote on the Plan: (a) Claims listed in the Debtor's Schedules as disputed, contingent, or unliquidated, and with respect to which no proof of claim was timely filed, *see* Fed. R. Bankr. P. 3003(c)(2); (b) Claims or Equity Interests subject

to a pending objection on and after the Voting Deadline, as defined below, or with respect to

transferred and assigned Claims or Equity Interests, subject to an objection to the transfer or

assignment, filed in accordance with Bankruptcy Rule 3001, that is pending on and after the

Voting Deadline, as defined below, unless such Claim or Equity Interest has been temporarily

allowed for voting purposes by an order of the Court.

### C.    Form of Ballots.

14.    Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.*  An acceptance or rejection shall be in writing,
> identify the plan or plans accepted or rejected, be signed by the creditor or equity
> security holder or an authorized agent, and conform to the appropriate Official
> Form.

15.    The Debtor proposes to mail, along with a solicitation package, ballots

substantially in the form attached hereto as Exhibit B (B-1 and B-2) (the "Ballot"), to, among

others, each holder of a Claim or Equity Interest in the Voting Classes.  The form of Ballots

complies with Bankruptcy Rule 3018(c).

### D.    Procedures for Solicitation of Votes and Limiting Notice.

16.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders

of Claims or Equity Interests for purposes of soliciting their votes on a plan of reorganization.

17.    On or before a date to be set by the Court, the Debtor proposes to serve

solicitation packages (the "Solicitation Packages") by first-class U.S. Mail, postage prepaid, that

will include the following:

    a.   a copy of the proposed Plan;

    b.   a copy of the Disclosure Statement, as approved by the Court (with exhibits);

    c.   a Ballot, substantially in the form approved by the Court, to the holders of Claims
        or Equity Interests in the Voting Classes; and

    d.  a copy of the Disclosure Statement Order.

18.    The Debtor proposes that only the following creditors and other persons receive the Solicitation Package: (a) the Office of the United States Trustee; (b) known creditors holding Claims that are not classified in the Plan (e.g. holders of Administrative Expense Claims, Professional Fee Claims and Priority Tax Claims); and (c) holders of Claims and Equity Interests in the Voting Classes.

19.    The Debtor proposes that Non-Voting Parties receive a copy of the notice (the "Notice") attached as Exhibit C in lieu of receiving a Solicitation Package.  The Notice contains, among other things, the deadline to object to confirmation of the Plan, the date of the hearing on the confirmation of the Plan, and instructions by which Non-Voting Parties may obtain copies, free of charge, of the Plan and Disclosure Statement.

20.    The proposed procedures for solicitation of votes and limiting notice are appropriate under the circumstances.  Where Non-Voting Parties are not entitled to vote on the Plan, providing them with the proposed Notice, as opposed to the Solicitation Package, will eliminate unnecessary expense and avoid confusion.

**E.**    **Voting Deadline for Receipt of Ballots.**

21.    Pursuant to Bankruptcy Rule 3017(c), the Debtor proposes that, in order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed completely and delivered to the Debtor by first-class mail, by overnight mail, or by personal delivery so that the Ballots are received by Debtor's counsel (the "Balloting Agent") no later than 4:30 p.m. Prevailing Eastern Time on the date established for submitting ballots (the "Voting Deadline"). The Debtor believes that the proposed deadline for submitting Ballots is sufficient to provide creditors and Equity Interests with the opportunity to review and analyze the Plan.

**F.**     **Tabulation Procedures with Regard to Holders of Claims and Equity Interests.**

22.     For purposes of voting, the amount of the Claim used to tabulate acceptance or

rejection of the Plan shall be one of the following:

    a.   the amount set forth as a Claim in the Debtor's Schedules that is <u>not</u> listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

    b.   the amount set forth on a filed proof of claim which has not been objected to, disallowed, disqualified, suspended, or reduced except as set forth in section (c); or

    c.   the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

23.     For purposes of voting, the amount of the Equity Interest used to tabulate

acceptance or rejection of the Plan shall be the number of shares held by the Equity Interest

holder as of the Record Date.

24.     With respect to Ballots submitted by a holder of a Claim or Equity Interest:

    a.   with respect to any ballot which is incomplete including, but not limited to, ballots which are unsigned, do not indicate acceptance or rejection, indicate both acceptance and rejection or are part of multiple inconsistent ballots submitted by the same holder, the Debtor shall separately schedule and report such ballots to the Court, reserving all rights to seek the entry of a Court Order treating those ballots as votes accepting  the Plan, after review an determination by the Court;

    b.   whenever a holder of a Claim or Equity Interest casts more than one Ballot voting the same Claim or Equity Interest prior to the Voting Deadline, only the last timely Ballot received by the Balloting Agent shall be counted;

    c.   each holder of a Claim or Equity Interest shall be deemed to have voted the full amount of its Claim or Equity Interest;

    d.   each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count, as to each Claim within a particular class;

    e.   any Ballot that is returned to the Balloting Agent indicating a vote for acceptance or rejection of the Plan and is signed, but fails to provide a complete mailing

> address, shall be counted if the Balloting Agent can reasonably determine the identity of the holder of the Claim or Equity Interest by reference to the creditor's matrix, schedules, or otherwise.

25.     The Debtor submits that establishing the tabulation procedures set forth above is necessary to avert any confusion resulting from incompletely or inconsistently executed Ballots and will simplify the voting and tabulation process.

**CONFIRMATION HEARING AND OBJECTION DEADLINE**

26.     Pursuant to Bankruptcy Rule 3020(b)(2), the Debtor requests that the Court enter an order setting a date and time to consider confirmation of the Plan.

27.     Pursuant to Bankruptcy Rule 2002, the Debtor is required to give creditors and equity interest holders not less than twenty-eight (28) days' notice of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless that time is shortened.  The Debtor requests that the Court establish a deadline (the "Objection Deadline") for filing and serving objections to confirmation of the Plan ("Confirmation Objections") that is at least seven (7) days prior to the Confirmation Hearing.

28.     In order to avoid confusion regarding Confirmation Objections, the Debtor requests that the Court direct that any Confirmation Objections (a) be in writing, (b) state the name and address of the objector, (c) comply with the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules, (d) state the amount of the objector's claim or the nature of its interest, and the nature of the objection or modification sought and the legal basis therefore, and on or before the Objection Deadline, be filed with the Clerk, United States Bankruptcy Court, United States Courthouse, 300 State Street, Springfield, MA 01105 with copies served upon counsel to the Debtor, Murphy & King, P.C., 28 State Street, Suite 3101, Boston, Massachusetts, 02109 (Attn: Harold B. Murphy, Esq. and Andrew G. Lizotte, Esq.).

### ADMINISTRATIVE EXPENSE BAR DATE

29.     The Debtor requests that all entities, including persons, partnerships, corporations,

trusts, estates, individuals, and governmental units that allegedly hold administrative expense

claims under Section 503 of the Bankruptcy Code that arose on or after the Petition Date,

excluding any claims for compensation by professionals of the Debtor's Estate (the

"Administrative Expense Claims") be required to file a request for payment of such expenses by

the Administrative Expense Bar Date (defined below) or be forever barred from asserting such

claims.

30.     In order to facilitate the efficient filing and processing of Administrative Expense

Claims in connection with the Plan, the Debtor requests that the Court (a) fix the last day for

filing Administrative Expense Claims (the "Administrative Expense Bar Date") for a date at least

seven (7) days prior to the Confirmation Hearing, contemporaneously with the Objection

Deadline.  The Debtor submits that, based upon the notice procedures set forth in this order, such

date will give creditors and parties-in-interest sufficient time to prepare and file requests for

payment of Administrative Expense Claims.  Holders of potential administrative expense claims

shall be served with a copy of the Disclosure Statement, as approved by the Court; and a copy of

the Order approving this motion.

31.     Administrative Expense Claims must be filed with the United States Bankruptcy

Court, United States Courthouse, 300 State Street, Springfield, MA 01105 on or before the

Administrative Expense Bar Date, comply with applicable rules and procedures of the Court and

be served upon counsel to the Debtor, Murphy & King, P.C., 28 State Street, Suite 3101, Boston,

Massachusetts, 02109 (Attn: Harold B. Murphy, Esq. and Andrew G. Lizotte, Esq.).  The Debtor

requests that the Court order that all Administrative Expense Claims be deemed timely filed only if <u>actually received</u> by the Clerk of the Bankruptcy Court on or before the Administrative Expense Bar Date.

**NOTICE**

32.      The Debtor will serve a copy of this Motion, the proposed Disclosure Statement and proposed Plan upon (a) the Office of the United States Trustee, (b) the Debtor's twenty largest unsecured creditors, (c) relevant federal and state taxing authorities, and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Debtor requests that the Counter enter an order, substantially in the form attached as <u>Exhibit A</u>:

a)  approving the form and content of the Disclosure Statement;

b)  approving the proposed solicitation procedures (including establishing, for voting purposes, a record date for establishing the holders of Claims or Equity Interests, as defined in the Plan, eligible to vote on the Plan);

c)  approving the form of Ballots;

d)  establishing a voting deadline;

e)  setting the date for the hearing to consider confirmation of the Plan;

f)  establishing a deadline for objecting to confirmation of the Plan;

g)  establishing a deadline for the filing of Administrative Expense Claims; and

h)  awarding such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted
INTERGALACTIC
THERAPEUTICS, INC.
By its counsel,

*/s/ Andrew G. Lizotte*
Harold B. Murphy (BBO #326610)
Andrew G. Lizotte (BBO #559609)
Leah A. O'Farrell (BBO #708424)
Murphy & King, P.C.
28 State Street, Suite 3101
Boston, MA 02109
(617) 423-0400
alizotte@murphyking.com

Dated: April 11, 2024

830285

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**INTERGALACTIC THERAPEUTICS, INC.**<br>**f/k/a IGTX, LLC**<br><br>                    **Debtor.** | **Chapter 11**<br><br>**Case No. 23-41067-EDK** |

**ORDER (I) APPROVING DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF
LIQUIDATION, (II) ESTABLISHING VOTING RECORD HOLDER DATE, (III)
APPROVING SOLICITATION PROCEDURES, FORM OF BALLOTS, AND
MANNER OF NOTICE; (IV) FIXING THE DEADLINE FOR FILING
OBJECTIONS TO CONFIRMATION OF THE PLAN; (V) SCHEDULING
HEARING ON PLAN CONFIRMATION; AND
(VI) ESTABLISHING AN ADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

This matter came before me on the Motion ("Motion") of Intergalactic Therapeutics, Inc.

(the "Debtor") to consider approval pursuant to Section 1125 of Chapter 11 of Title 11 of the

United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") of a disclosure statement

and approval of the proposed solicitation procedures in connection with confirmation of a plan of

reorganization.  The Court scheduled a hearing on the Motion and the disclosure statement for

_____, with objections due by _____.  Due notice of the hearing and opportunity to object was

given as reflected by certificates of service filed with the Court.  No objections to the proposed

disclosure statement were filed.

Having considered the Disclosure Statement, the Plan, the record of the proceedings,

including the arguments of counsel at the hearings, good cause being shown, it is **ORDERED,**

**FOUND AND DETERMINED THAT:**

1

1.      Pursuant to Section 1125(b) of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) the Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code and (b) to the extent not withdrawn, settled or resolved, all objections to the Disclosure Statement are overruled.

2.      The Disclosure Statement is approved.

3.      For voting purposes and mailing of notices and Solicitation Packages (as defined below) pursuant to this Order, _____, shall be the "Record Date" for the holders of Claims and Equity Interests (as defined in the Plan).

4.      Claims in Classes 2, 4 and 5 (the "Voting Classes") shall be entitled to vote with regard to such Claims or Equity Interests; provided, however, that the assignee of a transferred and assigned Claim or Equity Interest shall be permitted to vote such Claim or Equity Interest only if evidence of the transfer and assignment has been filed with the Court by the assignee in accordance with Bankruptcy Rule 3001 as of the close of the business on the Record Date.

5.      On or before _____, the Debtor shall deposit or cause to be deposited in the United States mail, postage prepaid, a sealed solicitation package (the "Solicitation Packages") to (a) the Office of the United States Trustee for the District of Massachusetts; and (b) holders of Claims or Equity Interests in the Voting Classes (i) who have filed proofs of claim that have not been disallowed by Order of the Court or (ii) whose claims are scheduled in the Debtor's Schedules, other than those scheduled as unliquidated, contingent and/or disputed or (iii) holders of Equity Interests, which shall include:

      a.      a copy of the Disclosure Statement, as approved by the Court (with exhibits including the Plan);

b. a Ballot in the form attached to the Motion; and

c. a copy of this Order.

6.      All persons and entities entitled to vote on the Plan shall deliver their Ballots by
mail, hand delivery or overnight courier **no later than 4:30 p.m. Eastern Time on _____,**
(the "Voting Deadline") to the Debtor's counsel (the "Balloting Agent") at:

> Murphy & King, Professional Corporation
> Attn: Andrew G. Lizotte, Esq.
> 28 State Street, Suite 3101
> Boston, Massachusetts 02109

7.      For purposes of voting, the amount of a Claim used to tabulate acceptance or
rejection of the Plan shall be one of the following:

a. the amount set forth as a Claim in the Debtor's Schedules that is not listed as
contingent, unliquidated or disputed (excluding scheduled Claims that have been
superseded by filed Claims);

b. the amount set forth on a filed proof of claim which has not been objected to,
disallowed, disqualified, suspended, or reduced, except as provided in section (c)
below, or

c. the amount estimated and temporarily allowed with respect to a Claim pursuant to
an order of this Court.

8.      For purposes of voting, the amount of the Equity Interest used to tabulate
acceptance or rejection of the Plan shall be the number of shares held by the Equity Interest
holder as of the Record Date.

9.      With respect to Ballots submitted by a holder of a Claim or Equity Interest:

a. with respect to any ballot which is incomplete including, but not limited to,
ballots which are unsigned, do not indicate acceptance or rejection, indicate both

3

acceptance by the same holder, the Debtor shall separately schedule and report

such ballots to the Court, reserving all rights to seek the entry of a Court Order

treating those ballots as votes accepting the Plan, after review and determination

by the Court;

b.  whenever a holder of a Claim or Equity Interest casts more than one Ballot voting

the same Claim or Equity Interest prior to the Voting Deadline, only the last

timely Ballot received by the Balloting Agent shall be counted;

c.  each holder of a Claim or Equity Interest shall be deemed to have voted the full

amount of its Claim or Equity Interest;

d.  each holder of any Claim shall be entitled to vote all of the Claims it holds, and

shall be entitled to cast several Ballots, to be counted separately, in determining

numerical voting count, as to each Claim within a particular class;

e.  any Ballot that is returned to the Balloting Agent indicating a vote for acceptance

or rejection of the Plan and is signed, but fails to provide a complete mailing

address, shall be counted if the Balloting Agent can reasonably determine the

identity of the holder of the Claim or Equity Interest by reference to the creditor's

matrix, schedules, or otherwise.

10.   Holders of the following Claims and Equity Interests (each, a "Non-Voting

Party") shall not be permitted to vote on the Plan: (a) Claims listed in the Debtor's Schedules as

disputed, contingent, or unliquidated, and with respect to which no proof of claim was timely

filed, *see* Fed. R. Bankr. P. 3003(c)(2), (b) Claims or Equity Interests subject to a pending

objection on and after the Voting Deadline, or, with respect to transferred and assigned Claims or

Equity Interests, subject to an objection to the transfer or assignment, filed in accordance with

Bankruptcy Rule 3001, that is pending on and after the Voting Deadline, unless such Claim or

Equity Interest has been temporarily allowed for voting purposes by an order of the Court.

11.    On or before _____, the Debtor shall deposit or cause to be deposited in the

United States mail, postage prepaid the Notice, in the form attached to the Motion, to Non-

Voting Parties in lieu of receiving a Solicitation Package.

12.    The Debtor shall be _____, file (a) a Certificate of Votes reflecting the

acceptance and rejections of the Plan, (b) any affidavits in support of confirmation of the Plan

setting forth the evidence in support of the requirements for confirmation of the Plan, and (c) a

proposed confirmation order.  The Debtor shall serve such pleadings on the United States

Trustee, all parties having filed an appearance or requested notice of the proceedings, and any

entity filing an objection to confirmation.  Affiants must be present at the confirmation hearing

and be available for examination, failing which their affidavits may be stricken.

13.    The Confirmation Hearing is scheduled for _____, at the United States

Bankruptcy Court, Donohue Federal Building, 595 Main Street, Room 311, Worcester, MA

01608.  This hearing may be adjourned from time to time without further notice other than an

announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

14.    Any objection to confirmation of the Plan including, without limitation,

objections to classification of Claims and/or Equity Interests, must be filed with the Clerk of the

Bankruptcy Court, United States Bankruptcy Court, 300 State Street, Springfield, MA 01105,

together with proof of service, **no later than** _____, (the "Objection Deadline") and must

be served, so as to be received by no later than 4:30 p.m. on _____, upon counsel to the

Debtor, Murphy & King, Professional Corporation, 28 State Street, Suite 3101, Boston,

Massachusetts, 02109 (Attn: Harold B. Murphy, Esq. and Andrew G. Lizotte, Esq.).  If an

objection to confirmation of the Plan is filed, the objecting party shall be required to attend the hearing on confirmation of the Plan.

15.    ANY CONFIRMATION OBJECTION NOT FILED AND SERVED AS SET FORTH IN THIS ORDER SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE COURT.

16.    Any and all entities, including persons, partnerships, corporations, trusts, estates, individuals, and governmental units that allegedly hold administrative expense claims under Section 503 of the Bankruptcy Code that arose on or after December 19, 2023, excluding fee claims of Professionals (each, an "Administrative Expense Claim"), shall file a claim for such Administrative Expense Claim in accordance with applicable rules and procedures of the Court with the Clerk, United States Bankruptcy Court, United States Courthouse, 300 State Street, Springfield, MA 01105, on or before _____, ("Administrative Expense Bar Date") and serve such Administrative Expense Claim upon counsel to the Debtor so as to be received on or before that date.  Holders of potential administrative expense claims shall be served with a copy of the Disclosure Statement, as approved by the Court (with exhibits including the Plan); and a copy of this Order.

17.    Any person or entity which, by this Order, is required to file an Administrative Expense Claim, but which shall fail to do so on or before the Administrative Expense Bar Date, shall not, with respect to any such Administrative Expense Claim, be treated as a creditor of the Debtor or its estate and shall be forever barred from asserting such Administrative Expense Claim against the Debtor, its estate or any of its property.

Dated: _____, 2024

_____
Elizabeth D. Katz
Chief U.S. Bankruptcy Judge

**Exhibit B-1**

**Claim Holder Ballot**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**INTERGALACTIC THERAPEUTICS, INC. f/k/a IGTX, LLC**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 23-41067-EDK** |

### BALLOT FOR ACCEPTING OR REJECTING THE PLAN OF LIQUIDATION

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY _____, 2024 AT 4:30 P.M. (EASTERN TIME) (THE "VOTING DEADLINE")**

The Debtor has sent this ballot to you because the Debtor's records indicate that you are a potential holder of a Claim that has a right to vote to accept or reject the *Plan of Liquidation of Intergalactic Therapeutics, Inc.* (as may be amended from time to time and including all exhibits and supplements, the "Plan").[1]

**YOU SHOULD REVIEW THE PLAN BEFORE YOU VOTE.  YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE PLAN'S TREATMENT OF YOUR CLAIM.**

If the balloting Agent does not **actually receive** your ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count.  **If the Court confirms the Plan, it will bind you regardless of whether you vote.**

---

[1] Capitalized terms not otherwise defined shall have the meanings set forth in the Plan.

## Item 1.  Amount of Claim

The undersigned hereby certifies that the undersigned is the holder of a Class _ [2] Claim against the Debtor in the following amount (insert amount in box below)

Amount of Claim: $_____

## Item 2.  Vote on the Plan

The holder of the Claim set forth in Item 1 votes to (please check one):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|:---:|:---:|
| ☐ | ☐ |

Any ballot that is executed by the holder of a Claim, but that indicates both an acceptance and a rejection of the Plan, or does not indicate either an acceptance or rejection of the Plan, may not be counted.

## Item 3.  Certifications

By signing this ballot, the undersigned certifies to the Court and the Debtor that:

1. Either: (a) the entity is the holder of the Claim(s) being voted; or (b) the entity is authorized signatory for an entity that is a holder of the Claim(s) being voted.

2. The entity has received a copy of the Plan.

3. The entity has cast the same vote with respect to all Claims that it holds in a particular Class.

4. No other ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other ballots have been cast with respect to such Claim(s), that any such ballots dated earlier are hereby revoked.

5. The entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such entity's Claim(s) in the applicable Class.

6. The entity understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan.

---

[2] A schedule of the Classes of Claims under the Plan is included in the Plan.

830538

Name of Holder: _____

(please print of type)

SSN or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____

Representative Capacity (if other than holder): _____ [3]

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT BY FIRST CLASS MAIL OR ELECTRONIC MAIL TO THE ADDRESS INDICATED BELOW.**

Murphy & King, P.C.
Attn: Andrew Lizotte
28 State Street, Suite 3101
Boston, MA 02109
Alizotte@murphyking.com

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:30 P.M. (EASTERN TIME) ON _____, 2024.**

---

[3] If you are completing this ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtor is soliciting the votes of holders of Claims with respect to the Plan.  The Court may confirm the Plan and thereby bind you by the terms of the Plan.

2.  To ensure that your vote is counted, you must: (a) complete the ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the ballot; and (c) sign and return the ballot to the address set forth below.  The Voting Deadline for the receipt of ballots by the Balloting Agent is **4:30 p.m. (Eastern Prevailing Time) on _____, 2024.**  Your completed ballot must be received by the Balloting Agent on or before the Voting Deadline.  If you do not sign your ballot, it will not be counted.

3.  You must (a) vote all of your Claims within a particular Class either to accept or reject the Plan and (b) vote the entire amount of your Claim to either accept or reject the Plan. If a holder has multiple Claims within the same Class, the Debtor may, in its discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

4.  If a ballot is received after the Voting Deadline, it will not be counted unless the Court determines otherwise. The method of delivery of ballots to the Balloting Agent is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed ballot.  In all cases, holders should allow sufficient time to assure timely delivery.  Delivery of a ballot to the Balloting Agent may be by regular mail or electronic mail.  No ballot should be sent to any of the Debtor, the Debtor's agents (other than the Balloting Agent), or the Debtor's financial advisors, and if so sent will not be counted.

5.  If multiple ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid ballot timely received will supersede and revoke any earlier dated ballots.

6.  The ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

7.  Please be sure to sign and date your ballot.  If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Balloting Agent or the Debtor, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

8.  If you are the holder of a Claim that has been temporarily allowed solely for purposes of voting to accept or to reject the Plan, your claim will not be counted in excess of the amount so allowed, unless otherwise ordered by the Bankruptcy Court.  The temporary

allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor to contest the amount or validity of any Claim.  If you wish to challenge the temporary allowance of your Clam for voting purposes, you must file a motion pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

9.      The ballot does not constitute, and will not be deemed, a proof of claim or an assertion of a Claim or Equity Interest.

10.     If you have received a damaged ballot or have lost your ballot, please contact the Balloting Agent.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE BALLOTING AGENT AT:

| **If by Regular Mail:** | |
|---|---|
| Murphy & King, Professional Corporation<br>Attn: Andrew Lizotte<br>28 State Street, Suite 3101<br>Boston, MA 02109 | |
| **If by E-Mail** | **If by Phone** |
| ALizotte@murphyking.com | (617) 423-0400 |

830538

**Exhibit B-2**

**Interest Holder Ballot**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**INTERGALACTIC THERAPEUTICS, INC.**<br>**f/k/a IGTX, LLC**<br><br>          **Debtor.** | **Chapter 11**<br><br>**Case No. 23-41067-EDK** |

### BALLOT FOR ACCEPTING OR REJECTING THE PLAN OF LIQUIDATION
### (EQUITY INTERESTS)

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY _____, 2024 AT 4:30 P.M. (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>")**

The Debtor has sent this ballot to you because the Debtor's records indicate that you are a potential holder of an Equity Interest that has a right to vote to accept or reject the *Plan of Liquidation of Intergalactic Therapeutics, Inc.* (as may be amended from time to time and including all exhibits and supplements, the "<u>Plan</u>").[1]

**YOU SHOULD REVIEW THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE PLAN'S TREATMENT OF YOUR CLAIM.**

If the balloting Agent does not **<u>actually receive</u>** your ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count. **If the Court confirms the Plan, it will bind you regardless of whether you vote.**

---

[1] Capitalized terms not otherwise defined shall have the meanings set forth in the Plan.

830562

**Item 1.  Amount of Equity Interest**

The undersigned hereby certifies that the undersigned is the holder of a Class $5^2$ Equity Interest in the Debtor in the following number of shares:

```
Number of Shares: _____
```

**Item 2.  Vote on the Plan**

The holder of the Equity Interest set forth in Item 1 votes to (please check one):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|:---:|:---:|
| ☐ | ☐ |

Any ballot that is executed by the holder of an Equity Interest, but that indicates both an acceptance and a rejection of the Plan, or does not indicate either an acceptance or rejection of the Plan, may not be counted.

**Item 3.  Certifications**

By signing this ballot, the undersigned certifies to the Court and the Debtor that:

1. Either: (a) the entity is the holder of the Equity Interest(s) being voted; or (b) the entity is an authorized signatory for an entity that is a holder of the Equity Interest(s) being voted.

2. The entity has received a copy of the Plan.

3. No other ballots with respect to the amount of the Equity Interest(s) identified in Item 1 have been cast or, if any other ballots have been cast with respect to such Equity Interest(s), that any such ballots dated earlier are hereby revoked.

4. The entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such entity's Equity Interest(s) in the applicable Class.

5. The entity understands and, if accepting the Plan, agrees with the treatment provided for its Equity Interest(s) under the Plan.

---

[2] A schedule of the Classes of Claims under the Plan is included in the Plan.

830562

Name of Holder: _____

(please print of type)

SSN or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____

Representative Capacity (if other than holder): _____ [3]

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT BY FIRST CLASS MAIL OR ELECTRONIC MAIL TO THE ADDRESS INDICATED BELOW.**

Murphy & King, P.C.
Attn: Andrew Lizotte
28 State Street, Suite 3101
Boston, MA 02109
Alizotte@murphyking.com

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:30 P.M. (EASTERN TIME) ON _____, 2024.**

---

[3] If you are completing this ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

830562

## <u>INSTRUCTIONS FOR COMPLETING BALLOTS</u>

1.  The Debtor is soliciting the votes of holders of Equity Interests with respect to the Plan. The Court may confirm the Plan and thereby bind you by the terms of the Plan.

2.  To ensure that your vote is counted, you must: (a) complete the ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the ballot; and (c) sign and return the ballot to the address set forth below.  The Voting Deadline for the receipt of ballots by the Balloting Agent is **<u>4:30 p.m. (Eastern Prevailing Time) on _____, 2024.</u>**  Your completed ballot must be received by the Balloting Agent on or before the Voting Deadline.  If you do not sign your ballot, it will not be counted.

3.  You must vote the entire amount of your Equity Interest to either accept or reject the Plan.

4.  If a ballot is received after the Voting Deadline, it will not be counted unless the Court determines otherwise. The method of delivery of ballots to the Balloting Agent is at the election and risk of each holder of an Equity Interest.  Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed ballot.  In all cases, holders should allow sufficient time to assure timely delivery.  Delivery of a ballot to the Balloting Agent may be by regular mail or electronic mail.  No ballot should be sent to any of the Debtor, the Debtor's agents (other than the Balloting Agent), or the Debtor's financial advisors, and if so sent will not be counted.

5.  If multiple ballots are received from the same holder of an Equity Interest with respect to the same Equity Interest prior to the Voting Deadline, the last dated valid ballot timely received will supersede and revoke any earlier dated ballots.

6.  The ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

7.  Please be sure to sign and date your ballot.  If you are signing a ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Balloting Agent or the Debtor, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

8.  If you have received a damaged ballot or have lost your ballot, please contact the Balloting Agent.

830562

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
PROCEDURES, PLEASE CONTACT THE BALLOTING AGENT AT:

| **If by Regular Mail:** | |
|---|---|
| Murphy & King, Professional Corporation<br>Attn: Andrew Lizotte<br>28 State Street, Suite 3101<br>Boston, MA 02109 | |
| **If by E-Mail** | **If by Phone** |
| ALizotte@murphyking.com | (617) 423-0400 |

830562

**Exhibit C**

**Non-Voting Parties Notice**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**INTERGALACTIC THERAPEUTICS, INC.**<br>**f/k/a IGTX, LLC**<br><br>        **Debtor.** | **Chapter 11**<br><br>**Case No. 23-41067-EDK** |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO PLAN OF LIQUIDATION OF INTERGALACTIC THERAPEUTICS, INC.

**PLEASE TAKE NOTICE** that on _____, Intergalactic Therapeutics, Inc. (the "Debtor"), filed with the United States Bankruptcy Court for the District of Massachusetts (the "Court") a plan of liquidation and disclosure statement with respect thereto (as may be amended, supplemented, or modified from time-to-time, the "Plan" and "Disclosure Statement", respectively). On _____, 2024, the Court approved the Disclosure Statement and certain procedures to be utilized in connection with the solicitation of votes on the Plan.

UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.  ACCORDINGLY YOU HAVE NOT BEEN SENT A COPY OF THE PLAN OR A BALLOT FOR THE PLAN ON ACCOUNT OF YOUR CLAIM AGAINST THE DEBTOR.

**PLEASE TAKE FURTHER NOTICE** that a Confirmation Hearing on the Plan is scheduled for _____ Eastern Time, at the United States Bankruptcy Court, Donahue Federal Building, 595 Main Street, Worcester, Massachusetts, 01608.  This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

**PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan must be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, United States Courthouse, 300 State Street, Springfield, Massachusetts, 01105, together with proof of service, no later than _____ and must be served, so as to be received by no later than _____ on counsel to the Debtor, Murphy & King, Professional Corporation, 28 State Street, Suite 3101, Boston, Massachusetts 02109 (Attn: Harold B. Murphy, Esq. and Andrew G. Lizotte, Esq.).

**PLEASE TAKE FURTHER NOTICE** that in accordance with Rule 3017(a) of the Federal Rules of Bankruptcy Procedure, requests for copies of the Disclosure Statement and/or Plan must be made in writing to Debtor's counsel as the address below.  Copies so requested will be provided by electronic mail.

830538

If, notwithstanding this Notice of Non-Voting Status, you believe that you may have a Claim against the Debtor that entitles you to vote on the Plan, you should immediately request a Ballot.

INTERGALACTIC
THERAPEUTICS, INC.
By its counsel,

*/s/ Andrew G. Lizotte*
Harold B. Murphy (BBO #326610)
Andrew G. Lizotte (BBO #559609)
Leah A. O'Farrell (BBO #708424)
Murphy & King, P.C.
28 State Street, Suite 3101
Boston, MA 02109
(617) 423-0400
alizotte@murphyking.com

Dated: April _, 2024

830538